Brent O. Hatch (5715)
Hatch Law Group, P.C.
22 East 100 South, Suite 400
Salt Lake City, Utah 84111
Tel: (801) 869-1919
hatch@hatchpc.com

*Attorneys for HuxWrx Safety Co. LLC*
*[Additional Counsel Listed in Signature Block]*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**
**CENTRAL DIVISION**

| | |
|---|---|
| HUXWRX SAFETY CO. LLC,<br><br>Plaintiff,<br><br>v.<br><br>SILENCERCO, LLC<br><br>Defendant. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>JUDGE _____<br><br>CIVIL ACTION NO. _____ |

**PLAINTIFF HUXWRX SAFETY CO. LLC'S COMPLAINT**

Plaintiff HuxWrx Safety Co. LLC ("HuxWrx") files this Complaint against Defendant SilencerCo, LLC ("SilencerCo") for infringement of U.S. Patent No. 8,286,750 (the "'750 Patent").

**THE PARTIES**

1. HuxWrx Safety Co. LLC is a Texas limited liability company having a principal place of business at 280 West Central Avenue, Millcreek, Utah 84107, within this District.

2. SilencerCo, LLC is a Utah limited liability company, having a principal place of business at 5511 South 6055 West, West Valley City, Utah 84118, within this District.

1

## BACKGROUND

3. HuxWrx and its predecessors (hereinafter "HuxWrx") have been in the business of designing, manufacturing, and selling firearm suppressors since 2007.

4. HuxWrx is an innovator in suppressor design. HuxWrx's innovations have ushered in a sea change in the suppressor market and have benefited customers immensely.

5. At issue in this case is HuxWrx's revolutionary Flow-Through® technology. Suppressors with HuxWrx's Flow-Through® technology are engineered to deliver superior sound suppression while at the same time eliminating blowback and toxic gas that can affect weapon system performance and the health of the operator. Flow-Through® technology has completely disrupted the suppressor industry. It has been adopted by military units and law enforcement agencies, and has become the gold standard in suppression systems for professionals around the world.

6. In order to protect its inventions, HuxWrx has pursued a comprehensive patent strategy and owns many patents, including patents covering its Flow-Through® technology. Indeed, HuxWrx lists its patents and the products that they cover on its website, a portion of which is shown below.



(https://huxwrx.com/pat)

7. As shown above, HuxWrx's innovative suppressor products embody various patents owned by HuxWrx.

8. HuxWrx takes great pride in its innovation, and has consistently advertised its suppressor technology. For example, HuxWrx's website has a page dedicated to its technology. Prominent on that webpage is an explanation of HuxWrx's "Patented OSS Flow-Through® Technology":



(https://huxwrx.com/technology)

        9.      In another example from HuxWrx's website, the FLOW 556K suppressor is advertised as "[a]n innovative multi-caliber suppressor with patented and proven Flow-Through® . . . technology."

**FLOW 556K**

An innovative multi-caliber suppressor with patented and proven Flow-Through® and Torque Lock® technology. It is designed to reduce signature without negatively impacting cycling or service life. The FLOW 556k is DMLS printed in 17-4 Stainless. It delivers superior toxic fume exposure mitigation, flash reduction, sound reduction, recoil reduction, accuracy, and repeatability by its unique Flow-Through® helical coil and core deflector design. It is full-auto rated and compatible on 5.56, 17 HMR, and 5.7 platforms. The integrated GeoFlash™ Cap geometry effectively mitigates flash as part of its overall signature reduction funtionality.

Compatible with Muzzle Brake-QD 556 and Flash Hider-QD 556.

View White Paper →
Manual →

(https://huxwrx.com/flow-556k)

**HuxWrx's Patented Flow-Through® Technology**

10. One of HuxWrx's patents—the '750 Patent—discloses and claims important features of HuxWrx's revolutionary Flow-Through® technology.

11. On February 11, 2011, HuxWrx filed the patent application that would result in the '750 Patent—U.S. Patent Application No. 13/025,989—with the United States Patent and Trademark Office ("USPTO").

12. In recognition of HuxWrx's innovations, the USPTO awarded HuxWrx the '750 Patent, which issued on October 16, 2012. A true and correct copy of the '750 Patent is attached as **Exhibit A**.

13. According to the '750 Patent, "basic sound suppression technology has varied only modestly over the past hundred years." '750 Patent at 1:32-34. "Generally, sound suppression designs are based on internal baffles which direct gases into vortices or other flow patterns with optional expansion chambers." *Id.* at 1:38-40. Such designs, however, have significant drawbacks. For example, these designs cause significant blowback, propelling toxic gases towards the operator and adversely affecting firearm performance. In addition, such devices "tend to have a lower useful lifespan." *Id.* at 1:43-44.

14. The '750 Patent discloses innovative energy capture and control devices that suppress sound without adversely affecting gun performance or the health of the operator. *Id.* at 10:11-32. The devices disclosed by the '750 Patent "can comprise a central chamber oriented along a central axis within an outer shell." *Id.* at 4:10-12. "The central chamber can have an inlet configured to receive a high energy material from a high energy outlet." *Id.* at 4:12-13. "An off axis chamber can be oriented within the outer shell in fluid communication with the central chamber." *Id.* at 4:13-15. "The off axis chamber can have a fluid outlet and multiple internal walls

configured to produce a serpentine fluid pathway which dissipates energy transferred from the high energy material." *Id.* at 4:15-18.

15. Claim 1 of the '750 Patent is a representative claim. This claim states as follows:

> **1.** An energy capture and control device, comprising:
> a) a central chamber oriented along a central axis within an outer shell, said central chamber having an inlet configured to receive a high energy material from a high energy outlet;
> b) a common off axis chamber oriented within the outer shell in fluid communication with the central chamber and having a fluid outlet and multiple internal walls defining a serpentine fluid pathway which is at least one of axially serpentine and radially serpentine and which dissipates energy transferred from the high energy material; and
> c) a plurality of deflectors oriented in series along the central axis of the central chamber and configured to deflect the energy from the high energy material to the common off axis chamber.

16. Many of HuxWrx's products practice the '750 Patent.

17. On information and belief, the '750 Patent is well-known in the suppressor industry.

### HuxWrx's Flow-Through® Mark

18. HuxWrx considers its hard-earned reputation as an innovator to be among its most important assets, and HuxWrx is committed to protecting its reputation. To that end, HuxWrx has protected its brand with numerous trademarks throughout the world.

19. Since at least 2015, HuxWrx has marketed and sold its suppressors under the mark Flow-Through®. HuxWrx's Flow-Through® mark appears on HuxWrx's website, social media, advertising, signage, documents, and other customary channels of trade in interstate commerce. HuxWrx markets and sells its Flow-Through® suppressors throughout the world, not only to the consumer market, but also to law enforcement and the U.S. military.

20. The Flow-Through® mark has obtained widespread recognition and secondary meaning as exclusively designating HuxWrx's products. This substantial recognition was achieved through several years of marketing and advertising HuxWrx's innovative technology.

21. HuxWrx has accordingly become well-known as the source of Flow-Through® suppressors and has established valuable goodwill in the Flow-Through® mark.

22. To protect its valuable goodwill and sterling reputation, HuxWrx has registered the mark FLOW-THROUGH in connection with "noise suppressors for firearms" with the USPTO. A true and correct copy of the registration for HuxWrx's Flow-Through® mark (Reg. No. 5,192,342) is attached as **Exhibit B**.

## SilencerCo's Use of HuxWrx's Technology

23. SilencerCo is a direct competitor of HuxWrx in Utah and throughout the United States. In fact, SilencerCo's headquarters in West Valley City, Utah is approximately ten miles from HuxWrx's headquarters in Millcreek, Utah.

24. For the past several years, the technology of SilencerCo's products has fallen behind the technology of HuxWrx's products. This is largely because HuxWrx's products included its Flow-Through® technology, while SilencerCo's did not.

25. In 2023, SilencerCo launched its Velos LBP line of suppressors with the Velos LBP 556 suppressor. It has recently expanded its line of Velos LBP suppressors with the Velos LBP 556K and Velos LBP 762.

26. SilencerCo's Velos LBP line of suppressors impermissibly uses HuxWrx's patented Flow-Through® technology. Tellingly, SilencerCo markets its Velos LBP suppressors as "low back pressure," or "LBP," suppressors. Low back pressure is one of the important benefits of HuxWrx's patented technology. Low back pressure is what allows HuxWrx's Flow-Through® suppressors to effectively reduce noise without adversely affecting the performance of the firearm or the health of the operator.

27. A claim chart showing SilencerCo's infringement of the '750 Patent is attached as **Exhibit C.**

28. Not only did SilencerCo use HuxWrx's technology in its Velos LBP line of suppressors, SilencerCo attempted to capitalize on HuxWrx's reputation by marketing the Velos LBP line of suppressors as "flow-through" suppressors, coopting the Flow-Through® trademark that HuxWrx registered with the USPTO.

29. For example, on its website, SilencerCo used the prominently displayed words "flow-through" to advertise its Velo LBP line of suppressors.



30. On January 30, 2024, counsel for HuxWrx sent SilencerCo's president, Jonathon Shults, a letter notifying SilencerCo of its patent and trademark infringement. A copy of that letter is attached hereto as **Exhibit D**.

31. In the letter, HuxWrx's counsel informed SilencerCo that its Velos LBP line of suppressors infringes the '750 patent and provided a detailed chart demonstrating how every claim limitation of multiple claims was met by SilencerCo's Velos LBP suppressors.

32. The letter also informed SilencerCo that HuxWrx owns the trademark Flow-Through® and that SilencerCo's continued use of that term infringed HuxWrx's trademark. Attached to the letter was a copy of a webpage in which SilencerCo repeatedly used the Flow-Through® mark to market its Velos LBP suppressors.

33. In the letter, HuxWrx requested that SilencerCo cease and desist from offering to sell, selling, importing, distributing, and/or manufacturing its Velos LBP suppressors and cease and desist using the Flow-Through® mark. Additionally, counsel for HuxWrx invited a meaningful discussion about the infringement to occur within two weeks of the date of the letter.

34. Sometime after HuxWrx sent the January 30, 2024 letter, SilencerCo removed references to "flow-through" from its website.

35. On February 11, 2024, counsel for SilencerCo replied to the letter by email without providing a substantive response and ignoring the request for a meaningful discussion. **Exhibit E.**

36. Despite the limited response from SilencerCo's counsel, counsel for HuxWrx, on February 12, 2024, requested a timely in-person meeting to occur later that week or early the next week in Salt Lake City in an attempt to avoid litigation. *Id.*

37. On February 16, 2024, counsel for SilencerCo responded that a meeting is premature and advanced a claim construction argument (which needs Court resolution) and an exceptionally weak non-infringement position. **Exhibit F.** In light of the nature of the infringement, SilencerCo's delay, and its response, HuxWrx responded that it would file this suit.

38. SilencerCo has continued to sell its Velos LBP line of suppressors without obtaining a license to the '750 Patent. SilencerCo has thus forced HuxWrx to file this suit to protect its rights.

## JURISDICTION AND VENUE

39. HuxWrx's claim for patent infringement arises under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq*. The Court thus has subject-matter jurisdiction over HuxWrx's claim for patent infringement under 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (jurisdiction over patent and trademark actions).

40. This Court has personal jurisdiction over SilencerCo pursuant to Fed. R. Civ. P. 4(k)(1)(A) and the Due Process Clause because SilencerCo is subject to general jurisdiction in the State of Utah. SilencerCo is incorporated in Utah and has its principal place of business in Utah, and is thus "at home" in Utah.

41. In addition, this Court has personal jurisdiction over SilencerCo pursuant to Fed. R. Civ. P. 4(k)(1)(A) and the Due Process Clause because SilencerCo is subject to specific jurisdiction in the State of Utah for the claims asserted herein. In particular, SilencerCo makes, uses, sells, and offers to sell suppressors that infringe the '750 Patent in the State of Utah. These actions give rise to the claims asserted herein.

42. Venue is proper in this Court for HuxWrx's claim for patent infringement under 28 U.S.C. § 1400(b) because SilencerCo (1) is incorporated in this District and thus resides in this District and (2) has a regular and established place of business in this District and has committed acts of infringement in this District.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 8,286,750
## IN VIOLATION OF 35 U.S.C. § 271(a)

43. Plaintiff incorporates the preceding paragraphs herein by reference.

44. This cause of action arises under the patent laws of the United States, and, in particular, 35 U.S.C. §§ 271, *et seq*.

45. HuxWrx is the owner of all substantial rights, title, and interest in and to the '750 Patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringements.

46. The '750 Patent is valid, enforceable, and was duly and legally issued by the United States Patent and Trademark Office on October 16, 2012, after full and fair examination.

47. HuxWrx has complied with the marking requirements of 35 U.S.C. § 287(a). *See supra*, ¶¶ 6-7.

48. SilencerCo has directly infringed and continues to directly infringe at least Claims 1, 4, and 8 of the '750 Patent[1] by making, using, offering for sale, and/or selling the Velos LBP line of suppressors, in violation of 35 U.S.C. § 271(a).

49. For example, each SilencerCo Velos LBP suppressor contains a central chamber oriented along a central axis within an outer shell. The central chamber has an inlet configured to receive a high energy material (such as a bullet and the accompanying gases produced by firing the bullet) from a high energy outlet.

50. Each SilencerCo Velos LBP suppressor also contains an off-axis chamber within the outer shell in fluid communication with the central chamber. The off-axis chamber has a fluid inlet and multiple internal walls defining a serpentine fluid pathway which is radially serpentine and dissipates the energy transferred from the high energy material.

---

[1] Throughout this Complaint, wherever HuxWrx identifies specific claims of the '750 Patent infringed by SilencerCo, HuxWrx expressly reserves the right to identify additional claims and products in its infringement contentions in accordance with applicable local rules and the Court's case management order. Specifically identified claims throughout this Complaint are provided for notice pleading only.

11

51. Moreover, the central chamber of each SilencerCo Velos LBP suppressor contains multiple deflectors in series along the central axis configured to deflect the energy from the high energy material to the off-axis chamber.

52. A chart demonstrating how the Velos LBP line of suppressors infringes claims 1, 4, and 8 is attached as **Exhibit C**.

53. On information and belief, SilencerCo has received substantial revenues and profits as a result of its unlawful conduct to which SilencerCo is not entitled, and HuxWrx has suffered damages as a result of such unlawful conduct, including lost sales of its own suppressors that practice the '750 Patent. HuxWrx is entitled to recover damages resulting from SilencerCo's infringement, including its lost profits, and in no event less than a reasonable royalty. Because damages are inadequate to compensate HuxWrx for the harm caused by SilencerCo's infringement, HuxWrx is also entitled to a preliminary and permanent injunction against SilencerCo's further infringement of the '750 Patent.

54. On information and belief, SilencerCo knew of the '750 Patent and its infringing activity when it launched the Velos LBP line of suppressors because the '750 Patent was well-known in the suppressor industry. At the very least, SilencerCo knew of the '750 Patent and its infringing activity as of January 30, 2024, when HuxWrx sent SilencerCo a letter and claim chart informing it of its infringement of the '750 Patent.

55. On information and belief, SilencerCo did not make a good-faith effort to avoid infringing the '750 patent.

56. On information and belief, despite having knowledge of the '750 Patent and knowledge that it is directly infringing one or more claims of the '750 Patent, SilencerCo has nevertheless continued its infringing conduct and disregarded an objectively high likelihood of

infringement. SilencerCo's course of conduct demonstrates that SilencerCo's infringing activities relative to the '750 Patent have been, and continue to be, willful, wanton, malicious, in bad faith, deliberate, consciously wrongful, flagrant, and an egregious case of misconduct beyond typical infringement such that HuxWrx is entitled to enhanced damages under 35 U.S.C. § 284.

## CONCLUSION

57. HuxWrx is entitled to recover from SilencerCo the damages sustained by HuxWrx as a result of SilencerCo's wrongful acts in an amount subject to proof at trial.

58. HuxWrx has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action. The circumstances of this dispute give rise to an exceptional case within the meaning of 35 U.S.C. § 285, and HuxWrx is entitled to recover its attorneys' fees, costs, and expenses for SilencerCo's patent infringement.

59. Finally, HuxWrx is entitled to a preliminary and permanent injunction against SilencerCo's continued infringement of the '750 Patent.

## JURY DEMAND

60. HuxWrx hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

HuxWrx respectfully requests that the Court find in its favor and against SilencerCo, and that the Court grant HuxWrx the following relief:

(i) A judgment that one or more claims of the '750 Patent has been directly infringed, either literally and/or under the doctrine of equivalents, by SilencerCo;

(ii) A judgment that one or more claims of the '750 Patent has been willfully infringed, either literally and/or under the doctrine of equivalents, by SilencerCo;

(iii) A judgment that SilencerCo account for and pay to HuxWrx the damages resulting from SilencerCo's patent infringing activities, including its lost profits;

(iv) A judgment that SilencerCo be preliminarily and permanently enjoined from continuing its unlawful patent infringing activities;

(v) Absent an injunction, a judgment that SilencerCo account for and pay to HuxWrx a reasonable, ongoing, post-judgment royalty because of SilencerCo's patent infringing activities, including continuing patent infringing activities;

(vi) A judgment that this case is exceptional under the provisions of 35 U.S.C. § 285 and awarding to HuxWrx treble damages and its costs and attorneys' fees incurred by HuxWrx in connection with this action;

(vii) Such other and further relief as the Court deems just and equitable.

| | |
|---|---|
| Dated: February 21, 2024 | Respectfully submitted,<br><br>*/s/ Brent O. Hatch*<br>**Brent O. Hatch (5715)**<br>**Hatch Law Group, P.C.**<br>22 East 100 South, Suite 400<br>Salt Lake City, Utah 84111<br>Tel: (801) 869-1919<br>hatch@hatchpc.com<br><br>**Eric M. Albritton (*pro hac vice* to be submitted)**<br>Texas State Bar No. 00790215<br>**Albritton Law Firm**<br>204 North Fredonia Street<br>Longview, Texas 75601<br>Tel: 903-757-8449<br>ema@emafirm.com<br><br>**Brent N. Bumgardner (*pro hac vice* to be submitted)**<br>Texas State Bar No. 00795272<br>**Christopher G. Granaghan (*pro hac vice* to be submitted)**<br>Texas State Bar No. 24078585<br>**Nelson Bumgardner Conroy PC**<br>3131 West 7th Street, Suite 300<br>Fort Worth, Texas 76107<br>Tel: (817) 377-9111<br>brent@nelbum.com<br>chris@nelbum.com<br><br>**Attorneys for Plaintiff HuxWrx Safety Co.** |