UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| HUXWRKX SAFETY CO. LLC,<br><br>Plaintiff,<br><br>v.<br><br>SILENCERCO, LLC,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING AMENDED MOTION FOR PRO HAC VICE ADMISSION OF TIMOTHY P. GETZOFF (DOC. NO. 40)**<br><br>Case No. 2:24-cv-00130<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Local counsel, Karina Sargsian, has filed an Amended Motion for Pro Hac Vice Admission of Timothy P. Getzoff as counsel for Defendant SilencerCo, LLC.[1] Counsel previously filed a motion to admit Mr. Getzoff pro hac vice in this case, which the court granted based on an erroneous representation in the motion.[2] Because Mr. Getzoff has been admitted pro hac vice in this district in three unrelated cases in the last five years, in order to admit Mr. Getzoff pro hac vice, the court must find "good cause for the attorney not seeking admission to the Utah State Bar."[3] Mr. Getzoff's original pro hac

---

[1] ("Am. Mot.," Doc. No. 40.)

[2] (*See* Mot. for Pro Hac Vice Admis. of Timothy P. Getzoff ("Original Mot."), Doc. No. 34; Order Granting Pro Hac Vice Admis. of Timothy P. Getzoff, Doc. No. 36.)

[3] *See* DUCivR. 83-1.1(c)(1)(A)(iii) ("Pro hac vice admission is not available to any attorney who . . . has already been admitted pro hac vice in 3 unrelated cases in the previous 5 years in this district, unless the court finds good cause for the attorney not seeking admission to the Utah State Bar.").

vice application indicated he was currently seeking admission to the Utah State Bar.[4] The court relied on this claim in making its previous good cause finding.[5]

Defendants have now filed an amended motion to admit Mr. Getzoff pro hac vice, which states Mr. Getzoff is not seeking admission to the Utah State Bar.[6]  Rather, Mr. Getzoff "mistakenly checked the box on the first page of the application indicating that admission to the Utah State Bar was being sought."[7]  Because the court relied on this mistaken representation when granting the original pro hac vice motion, the order granting pro hac vice admission[8] is vacated.

Now it is necessary to reassess whether Mr. Getzoff has shown "good cause for . . . not seeking admission to the Utah State Bar."[9]  Mr. Getzoff's explanation for failing to seek admission follows, in its entirety:

> The instant case will be the 4th case [in which Mr. Getzoff seeks pro hac vice admission] in a five-year period.  The first two cases have been terminated, and the third is near termination.  In three out of the four cases (including the present one), I represented defendants who did not initiate suit in Utah but instead were sued by a plaintiff in Utah.  The cases all focused on federal IP law and not Utah state law.  For these reasons,

---

[4] (See Ex. 1 to Original Mot., Appl. for Pro Hac Vice Admis. 1, Doc. No. 34-1 (checking box for "applicant[s] who intend[] to become a member of the Utah State Bar").)

[5] (See Order Granting Pro Hac Vice Admis. of Timothy P. Getzoff, Doc. No. 36 (finding good cause because "Mr. Getzoff's Pro Hac Vice Application indicates he is seeking admission to the Utah State Bar.").)

[6] (Am. Mot. 2, Doc. No. 40.)

[7] (Id.)

[8] (Doc. No. 36.)

[9] See DUCivR. 83-1.1(c)(1)(A)(iii).

pursuant to DUCivR 83-1.1(c)(1)(A)(iii) there is good cause to permit this pro hac vice request.[10]

This explanation is insufficient. Mr. Getzoff has failed to show good cause for not seeking admission to the Utah State Bar. As to the argument that this is only Mr. Getzoff's fourth pro hac vice case, the plain language of the local rule requires more: "[P]ro hac vice admission is not available to any attorney who: . . . has already been admitted pro hac vice in 3 unrelated cases in the previous 5 years in this district, unless the court finds good cause for the attorney not seeking admission to the Utah State Bar."[11] That Mr. Getzoff seeks pro hac vice admission in a fourth case is not good cause for not seeking admission to the bar.[12] Quite the opposite—it suggests Mr. Getzoff should seek admission to the state bar. It is similarly irrelevant that two of Mr. Getzoff's previous three pro hac vice cases have been terminated; the rule refers to "cases," not "open cases."[13]

Mr. Getzoff's next justification, that he has only "represented defendants who did not initiate suit in Utah but instead were sued by a plaintiff in Utah," is likewise unconvincing. Lawyers are not absolved of bar admission requirements simply because they were retained by a defendant rather than a plaintiff. The

---

[10] (Ex. 1 to Am. Mot, Am. Appl. for Pro Hac Vice Admis. 2, Doc. No. 40-1.)

[11] DUCivR. 83-1.1(c)(1)(A)(iii).

[12] *See Cameron v. CHW Grp., Inc.*, No. 2:23-cv-320, 2023 U.S. Dist. LEXIS 221595, at *3–4 (D. Utah Dec. 12, 2023) (unpublished) (finding no good cause where counsel only appeared pro hac vice in this district three other times).

[13] *See id.* (finding no good cause where counsel only engaged in "very little activity" in all prior matters where he was admitted pro hac vice).

state bar's interest in regulating defense lawyers is just as strong as its interest in regulating plaintiffs' lawyers.

Mr. Getzoff's final explanation, that his "cases all focused on federal IP law and not Utah state law," is not compelling. This is federal court. It is unsurprising when cases in federal court involve federal law.[14] And it ultimately does not matter whether Mr. Getzoff's cases involve Utah law. The purpose of the Utah State Bar is to regulate attorneys practicing law in this state, not attorneys whose cases involve Utah law.[15]

## CONCLUSION

Because the order granting Mr. Getzoff pro hac vice admission[16] was based on Mr. Getzoff's mistaken representation that he was seeking admission to the Utah State Bar, the order is vacated. And where Mr. Getzoff has not shown good cause for failing

---

[14] *See id.* (finding no good cause where counsel "mostly litigates matters based on federal claims initiated in or removed to federal courts as part of his nationwide practice").

[15] *See History and Purpose*, Utah State Bar, https://www.utahbar.org/about/history-and-purpose/ [https://perma.cc/JUK2-ZGV8] ("In order to practice law *in the State of Utah*, it is necessary to be a member of the Utah State Bar." (emphasis added)).

[16] (Doc. No. 36.)

to seek admission to the Utah State Bar, the amended motion for pro hac vice admission[17] is denied.

DATED this 21st day of May, 2024.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[17] (Doc. No. 40.)