UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| HUXWRX SAFETY CO. LLC,<br><br>　　　　Plaintiff,<br>v.<br><br>SILENCERCO WEAPONS RESEARCH, LLC,<br><br>　　　　Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING STIPULATED MOTION TO STAY PENDING INTER PARTES REVIEW (DOC. NO. 49)**<br><br>Case No. 2:24-cv-00130<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

The parties have filed a stipulated motion to stay this case[1] pending the United States Patent and Trademark Office's Inter Partes Review ("IPR") of the sole patent-in-suit, U.S. Patent No. 8,286,750. Both parties agree the case should be stayed pending resolution of the IPR. A court has "broad discretion to stay proceedings as an incident to its power to control its own docket."[2] The Federal Circuit recognizes "that a district court may properly stay proceedings in a patent case pending the [PTO]'s reexamination of a patent."[3] While there is no prescribed set of factors a court must consider when deciding whether to stay a case pending IPR,[4] courts typically consider:

---

[1] (Def.'s Stipulated Mot. to Stay Pending Inter Partes Rev., Doc. No. 49.)

[2] *Capitol Specialty Ins. Corp. v. Sw. Clubs, Inc.*, No. 12-01299, 2015 U.S. Dist. LEXIS 179972, at *4 (D.N.M. Mar. 31, 2015) (unpublished); *see also Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983).

[3] *ClearPlay v. Dish Network LLC*, No. 2:14-cv-00191, 2021 U.S. Dist. LEXIS 115165, at *3 (D. Utah June 18, 2021) (unpublished); *see also Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983).

[4] *See Murata Mach. USA v. Daifuku Co.*, 830 F.3d 1357, 1362 (Fed. Cir. 2016).

1

(i) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (ii) whether a stay will simplify the issues in question and trial of the case; and (iii) whether discovery is complete and whether a trial date has been set.[5]

Courts recognize a "liberal policy in favor of granting motions to stay proceedings pending the [] outcome" of IPR proceedings.[6]

Where the parties have stipulated to the stay, there is no prejudice to any party. Further, a stay will simplify the issues of this case.[7] Finally, discovery is far from complete and no trial date has been set. Accordingly, the motion[8] is granted, and the case is stayed pending resolution of the IPR proceedings.

The parties are ordered to file reports every ninety days regarding the status of the IPR proceedings, with the first status report due on November 4, 2024.

DATED this 8th day of August, 2024.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[5] *Id.* at 1361.

[6] *Esip Series 1, LLC v. Doterra Int'l, LLC*, No. 2:15-cv-779, 2017 U.S. Dist. LEXIS 225933, at *4 (D. Utah Dec. 5, 2017) (unpublished) (internal quotation marks omitted).

[7] *See Gould*, 705 F.2d at 1342 ("One purpose of the [IPR] procedure is to eliminate trial of [the] issue [of patent validity] or to facilitate trial of that issue by providing the district court with the expert view of the [U.S. Patent and Trademark Office.").

[8] (Doc. No. 49.)